IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MICHAEL NEGRON,

    Plaintiff,

vs.                        CIVIL ACTION NO.: CV611-051

BRIAN OWENS; JOHN PAUL;
Dr. JOSEPH GILES; and
Dr. GAIL JACKSON,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Men's State Prison in Hardwick, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as Defendants Brian Owens, the Commissioner of the Georgia Department of Corrections, and John Paul, Deputy Warden at Georgia State Prison. It appears Plaintiff seeks to hold Defendants Owens and Paul liable based solely on their positions as supervisors, which he cannot do in a section 1983 action. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). Supervisors may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisors' conduct and the alleged violations. Id. at 802. As Plaintiff fails to make specific

AO 72A
(Rev. 8/82)

allegations against Defendants Owens and Paul, Plaintiff's claims against Defendants Owens and Paul should be **dismissed**.

Plaintiff also names "Doctor Giles" as a Defendant, who appears to be a private practitioner. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted). There is no evidence that Doctor Giles acted as an entity under color of law at any time, and thus, Plaintiff cannot sustain a cause of action pursuant to section 1983 against this named Defendant.

In addition, Plaintiff also has filed suit for negligence under state law. Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of state tort law. Baker v. McCollan, 443 U.S. 137, 146 (1979). Accordingly, Plaintiff's state law claims cannot be sustained in the instant cause of action.

Even if this Court were inclined to exercise supplemental jurisdiction over Plaintiff's allegations of medical negligence or malpractice, it cannot do so. Plaintiff's state tort law claim must be accompanied by "an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission

3

claimed to exist and the factual basis for each such claim." Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008) (citing GA. CODE ANN. § 9-11-9.1(a)). As Plaintiff has failed to meet this requirement, his state law claims should be dismissed for this reason, as well.

Finally, Plaintiff names Gail Jackson, the doctor at Men's State Prison, as a Defendant. Men's State Prison is located in Hardwick, Georgia, which is in the Middle District of Georgia. Accordingly, this cause of action should be transferred for review of Plaintiff's remaining claims.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Owens, Paul, and Giles be **DISMISSED** and that the remaining claims be **TRANSFERRED** to the Middle District of Georgia for review.

**SO REPORTED** and **RECOMMENDED**, this 7th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)